**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LUZ V. ACOSTA PEREYRA,<br>        Plaintiff,<br><br>        v.<br><br>MASSACHUSETTS SECRETARY OF<br>STATE,<br>        Defendant. | No. 25-cv-11685-DLC |

### ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

CABELL, U.S.M.J.

Pro se plaintiff Luz V. Acosta Pereyra initiated this action by filing a self-prepared complaint on the pre-printed Pro Se 1 form that is provided by the Administrative Office of the United States Courts.  In sum total, the typewritten text by plaintiff is two sentences long.  The form's statement of the claim alleges that, "The defendant violated the plaintiff['s] constitutional right by denying" her request "to create and register" a "business trust."  The form's relief section seeks "$200.000.0 [sic] for her financial loss and profit because of the defendant's violation of [her] constitutional rights."[1]

Given the brevity of the allegations, defendant Massachusetts Secretary of State (the Secretary) moves to dismiss the complaint

---

[1] The amount in controversy section of the complaint repeats, in essence, the above sentence.

as conclusory under Federal Rule of Civil Procedure 12(b)(6). Alternatively, the Secretary submits he is immune from suit under the Eleventh Amendment. (D.12). Separately, the court advised plaintiff that it would treat the motion to dismiss as unopposed and might dismiss the case for want of prosecution if she did not file a response to the motion by April 26, 2026. To date, plaintiff has not filed a response and indeed has not participated in the case since filing her complaint in June 2025.

For the reasons that follow, the court will order that the case be redrawn to a district judge and recommend upon reassignment that the motion to dismiss be allowed. As explained briefly below, the Secretary enjoys sovereign immunity from plaintiff's suit under the Eleventh Amendment. Independently, the complaint is fatally conclusory and is also subject to dismissal because of plaintiff's failure to prosecute.

## I.    ELEVENTH AMENDMENT

The Eleventh Amendment immunity bars a suit against "the State or one of its agencies or departments . . . regardless of the nature of the relief sought." *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Thus, where the Amendment applies, the bar extends to monetary awards. *See Legend's Creek LLC v. State*, No. 22-cv-309-JJM-PAS, 2026 WL 507424, at \*2 (D.R.I. Feb. 23, 2026) ("Eleventh Amendment sovereign immunity bars claims seeking money damages against a state, a state agency, or a state

2

official sued in his official capacity in federal court.") (citation omitted).

Here, plaintiff filed suit seeking damages against the Massachusetts Secretary of State. As such, the Eleventh Amendment bars this action. *See, e.g., Emrit v. Dunlap*, No. 1:17-cv-00402-GZS, 2018 WL 1321567, at *6 (D. Me. Mar. 14, 2018) ("[T]he Eleventh Amendment confers immunity from monetary damages on the Maine Secretary of State . . . ."); *see also Nakanwagi v. Exec. Office of Trial Court*, Civil Action No. 23-10533-FDS 2024 WL 38749, at *3 (D. Mass. Jan. 3, 2024) (Eleventh Amendment "immunity extends to any entity that is an 'arm of the state.'") (citing *Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 99 (1st Cir. 2002)).

To be sure, there are exceptions to Eleventh Amendment immunity. *See Davidson v. Howe*, 749 F.3d 21, 28 (1st Cir. 2014) (discussing the exceptions). However, "It is the plaintiff's burden to identify a waiver of sovereign immunity, and if he is unable to do so, his claim must be dismissed on jurisdictional grounds." *Perna v. Martinez*, Civil Action No. 17-11643-IT, 2018 WL 4519361, at *3 (D. Mass. July 5, 2018) (collecting authority) (citations omitted). Plaintiff fails to oppose the motion to dismiss let alone address any waiver. As such, the court finds that the Eleventh Amendment applies and bars this suit against the Secretary.

## II.   **FAILURE TO STATE A CLAIM**

The Secretary maintains alternatively that the complaint is subject to dismissal because it does not set out sufficient facts. Rather, it asserts a bare conclusory allegation, namely, that the Secretary violated plaintiff's "constitutional right by denying [her] to create and register [her] business." (D. 13) (Secretary's supporting memorandum quoting complaint).  The court agrees.

The law is straightforward.  "'[C]onclusory' allegations are 'not entitled to be assumed true'" and "allegations that merely parrot the relevant legal standard are disregarded." *In re Ariad Pharm., Inc. Sec. Litig.*, 842 F.3d 744, 756 (1st Cir. 2016) (quoting *Manning v. Boston Med. Center Corp.*, 725 F.3d 34, 43 (1st Cir. 2013), and *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Specifically, "some allegations" are "so threadbare or speculative that they fail to cross 'the line between the conclusory and the factual.'"  *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 n.5 (2007)).

That is the case here.  At best, the complaint states that the Secretary denied plaintiff the ability to create and register her business trust.  It also alleges the violation of an unidentified, constitutional right.  These statements are similar to a conclusory statement noted in *Menard v. CSX Transp., Inc.*, 698 F.3d 45 (1st Cir. 2012).  *Id*. at 45 n.6 (giving example of

4

conclusory factual assertion "that obligations were 'assumed'" which was "unsupported by any identified act or document[.]") (quoting *Resol. Tr. Corp. v. Driscoll*, 985 F.2d 44, 48 (1st Cir. 1993)).  The court thus finds that the complaint as framed fails to state a valid claim for relief.

### III.  <u>WANT OF PROSECUTION</u>

Finally, the complaint is subject to dismissal where plaintiff has apparently abandoned it and chosen to no longer pursue her claim.  A court has the inherent power to dismiss a case for lack of prosecution.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962) ("[A]uthority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute . . . .").  Such power is necessary to manage and expeditiously dispose of all cases on a court's docket.  *See id.*

Given the circumstances, a dismissal for want of prosecution is appropriate.  Critically, the court gave plaintiff a warning that it might dismiss this action if she did not respond to the motion to dismiss by April 27, 2026.  (D. 15) (April 6 docket entry advising plaintiff that, absent a response to the motion to dismiss by April 27, court may "treat the motion to dismiss as unopposed and independently, the case may be dismissed for failure to prosecute"); *see also Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 49 (1st Cir. 2003) (indicating that dismissal with

prejudice would be appropriate if, inter alia, court gave plaintiff "fair warning of its inclination to employ so severe a sanction"). In a similar manner, plaintiff did not respond to the Secretary's January 29 motion to dismiss within the fourteen day time-period required under the Local Rules.  *See* L.R. 7.1(b)(2) ("A party opposing a motion shall file an opposition within 14 days . . . ."). Further, the fact that plaintiff is proceeding pro se does not excuse her failure to comply with the April 6 order.  *See Rose v. Davis*, C.A. No. 23-13-MRD, 2025 WL 1330558, at *2 (D.R.I. Mar. 27, 2025) ("[P]laintiff's *pro se* status does not provide a basis on which to excuse noncompliance with a court order . . . .") (citations omitted).

## IV.  <u>CONCLUSION</u>

In accordance with the foregoing discussion, the court **<u>ORDERS</u>** that the case be redrawn for reassignment to a district judge and **<u>RECOMMENDS</u>**[2] upon reassignment that the motion to dismiss the complaint (D. 12) be **<u>ALLOWED</u>**.

---

[2] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:   May 21, 2026.